
EOD
09/10/2018

Kristin A. Zilberstein, Esq. (SBN 24104960)
LAW OFFICES OF MICHELLE GHIDOTTI
600 E. John Carpenter Fwy., Ste. 200
Irving, TX 75062
Ph: (949) 427-2010
Fax: (949) 427-2732
kzilberstein@ghidottilaw.com

**Attorneys for Movant,**
US Bank Trust National Association, as Trustee of Igloo Series II Trust, its successors and/or assignees

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | CASE NO.: 17-40576 |
| | § | |
| **Michael Warren Scott** | § | CHAPTER 13 |
| **Linda Kaye Scott** | § | |
| | § | |
| **DEBTOR,** | § | |
| | § | |
| | § | |
| **US Bank National Association, as Trustee of** | § | |
| **Igloo Series II Trust, its successors and/or** | § | |
| **assignees,** | § | |
| | § | |
| **MOVANT,** | § | |
| | § | |
| **Michael Warren Scott** | § | |
| **Linda Kaey Scott, Debtors, and** | § | |
| **Carey D. Ebert, Trustee** | § | |
| | § | |
| **RESPONDENTS.** | § | |

### ADEQUATE PROTECTION ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY AGAINST PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. SECTIONS 362(d)(1) OF THE BANKRUPTCTY CODE (WITH WAIVER OF THIRTY DAY HEARING REQUIREMENT)

On this day came on for consideration the Motion for Relief from Automatic Stay filed by US Bank Trust National Association, as Trustee of Igloo Series II Trust, its successors and/or assignees ("**Movant**"), by and through the undersigned attorney, and moves this Court for an Order Terminating the Automatic Stay of 11 U.S.C. § 362.

Movant by and through its attorney of record, The Law Offices of Michelle Ghidotti, by Kristin A. Zilberstein, Esq., and the Debtors Michael Warren Scott and Linda Kaey Scott ("the Debtors"), by and through their attorney of record, Holly B Guelich, The Law Office of Holly B. Guelich agree as to all matters contained in the Motion for Relief and ask the Court to enter this Agreed Order and Stipulation for Adequate Protection (the "**Agreed Order**") evidencing the terms of their agreement.

### RECITALS

1. On March 20, 2017, Debtors filed a petition under Chapter 13 of the United States Bankruptcy Code, Petition No.: 17-40576 (the "**Instant Petition**").

2. The Debtors executed and delivered to First Franklin Financial Corporation, a Note, dated October 25, 2002, with an original principal balance of $92,250.00 (the "**Note**").

3. Movant is the current owner of the Note and is in possession of the original Note.

4. Concurrently therewith, and as security for the Note, the Borrowers executed and delivered to First Franklin Financial Corporation, a Deed of Trust ("**Deed of Trust**"), dated October 25, 2002, and filed of record with the County Clerk of Dallas County, Texas against the Property, and more specifically described as:

> **BEING LOT 1, BLOCK G, OF AMES MEADOW ADDITION, PHASE 2, AN ADDITION TO THE CITY OF LANCASTER, DALLAS COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 2002010, PAGE 153, MAP RECORDS, DALLAS COUNTY, TEXAS.**

1. On July 17, 2018, Movant filed its Motion for Relief from Stay ("**Motion for Relief**")

5. indicating that Debtors were due and owing for six (6) post-petition monthly payments as follows:

| Payments Due: | Payment | | Total Default |
|---|---|---|---|
| 2/1/18-7/1/18 | 6 @ $987.23 | = | $5,923.38 |

6. Movant incurred attorney's fees and costs in the amount of no less than $1,031.00 in connection to the Motion for Relief from Stay.

7. An additional payment came due on August 1, 2017 in the amount of $987.23.

8. As of August 7, 2018 Debtors are due and owing for the February 1, 2018 payment and all subsequent payments as follows:

| **Payments Due:** | **Payment** | | **Total Default** |
|---|---|---|---|
| 2/1/18-8/1/18 | 7 @ $987.23 | = | $6,910.61 |
| Attorney Fees | | = | $1,031.00 |
| Total Default | | = | $7,941.61 |

9. Based upon the foregoing facts, Movant and Debtors stipulate as follows:

## **STIPULATION**

10. Debtors shall make the payment due 9/1/2018 and all payments going forward in the amount of $813.17 (or as may be adjusted pursuant to the terms of the Note and Deed of Trust) continuing on the twenty eighth day of each month thereafter within the grace period until the indebtedness is paid in full or a Court Order is entered to the contrary.

11. Debtors shall cure their post-petition arrearage in the amount of $7,941.61 calculated through August 7, 2018. Commencing 9/15/2018, an continuing thereafter on the fifteenth day of each month through and including 12/15/2018, Debtors shall make an additional payment each month to Movant in the amount of $496.35 until current, as follows:

////

////

| | | | |
|---|---|---|---|
| 16 monthly payments 9/15/2018-12/15/2019 | at $496.35 | = | $6,910.61 |
| Attorney Fees | | = | $1,031.00 |
| Total Default | | = | $7,941.61 |

12. In addition to maintaining their mortgage payments, the Debtors shall be required to maintain all plan payments to the Chapter 13 Trustee.

13. Debtors must also maintain current insurance coverage on the Property and must remain current on all post-petition taxes where applicable.

14. Upon any default in the terms and conditions set forth in paragraphs 10 through 13 of this Adequate Protection Agreement, Movant must serve written notice of default to the Debtors' attorney of record, if any, sent by U.S. Mail and Electronic Mail. Movant must also serve written notice of default to the Debtors by U.S. Mail. If the Debtors fail to cure the default within 10 days after service of such written notice Movant may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the sty, which the court may grant without further notice or hearing.

15. Notwithstanding anything contained in this Adequate Protection Agreement to the contrary, The Debtors shall be entitled to a Maximum of Two Notices of Default and Opportunities to cure pursuant to the preceding paragraph. Once the Debtors has defaulted one time on the obligations imposed by this order and has been served with one Notice of Default, Movant is relieved of any obligation to serve additional notices of default or to provide additional opportunities to cure. If an event of default occurs thereafter, Movant will be entitled, without first serving a notice of default or providing the Debtors with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtors' failures to perform under this Adequate Protection Agreement, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

16. Movant shall be entitled to charge a fee of $150.00 for any ten (10) day written notice required because of default.

17. Movant may accept any and all payments made pursuant to this Order without prejudice to or waiver of any rights or remedies to which Movant would otherwise have been entitled under applicable nonbankruptcy law.

18. This Adequate Protection Agreement is binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, this Adequate Protection Agreement ceases to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtors.

19. If Movant obtains relief from stay based on the Debtors' default under this Adequate Protection Agreement, the order granting relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

20. In the event this case is converted to a Chapter 7 proceeding, the Automatic Stay shall be terminated without further notice, order or proceedings of the court. If the Automatic Stay is terminated as a matter of law, the terms of this Order shall immediately cease in effect and Movant may proceed to enforce its remedies under non-bankruptcy law against the Property and/or the Debtors.

21. ORDERED to the extent the Property is foreclosed on and sold, any excess proceeds from the sale shall be turned over to the Trustee with a reservation of the issue as to whether the Debtor is entitled to such funds.

Signed on 9/10/2018

AGREED TO AND APPROVED BY: _/s/ Brenda T. Rhoades_ SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

_Holly B Guelich_
Holly B. Guelich, Esq.
12880 Hillcrest Road, Suite J233
Dallas, TX 75230
Tel: (214) 522-3669
Fax: (214) 522-0085
guelichlaw@sbcglobal.net
**COUSNEL FOR DEBTORS**

/s/ Kristin A. Zilberstein
Kristin A. Zilberstein, Esq.
State Bar No.: 24104960
600 E John Carpenter Fwy., Ste. 200
Irving, TX 75062
Tel: (949) 427-2010
Fax: (949) 427-2732
kzilberstein@ghidottilaw.com
**COUNSEL FOR MOVANT**